IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMMA C. BAUM | : | CIVIL ACTION |
| v. | : | |
| GOODVILLE MUTUAL CASUALTY COMPANY | : | NO. 14-4315 |

**MEMORANDUM**

**Padova, J.**                                                                                                    **March 4, 2015**

      Defendant Goodville Mutual Casualty Company has moved to dismiss this underinsured motorist benefits insurance action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  For the following reasons, and after holding a hearing on Defendant's Motion on February 26, 2015, we grant Defendant's Motion.

**I.      BACKGROUND**

      The Amended Complaint alleges the following facts.  On November 2, 2013, at 8:00 p.m., Plaintiff Emma Baum was injured in a single car accident in which she was a passenger in a car driven by Gwendolyn M. Trembly in Bucks County, Pennsylvania.  (Am. Compl. ¶¶ 5-7.) As a result of the force of the impact, Plaintiff suffered "serious and permanent injuries" to "her head, neck, spinal column, shoulder, pelvis, legs, and vital organs."  (Id. ¶ 8.)

      At the time of the collision, Trembly was insured by Nationwide Insurance Company in the amount of $100,000.00, which "[is] not adequate to compensate Plaintiff for the damages she has sustained as a result of the . . . collision."  (Id. ¶¶ 12-13.)  At the same time, Plaintiff was insured by Defendant under a policy that provided her with underinsured motorist benefits.  (Id. ¶ 18.)  After Defendant failed to pay Plaintiff those benefits, Plaintiff commenced the instant

action against it for breach of contract.  Plaintiff's Amended Complaint avers that we have diversity jurisdiction over this matter because Plaintiff seeks damages in excess of $75,000.00; Plaintiff "is a citizen of Arizona who currently resides at 1309 Venice Avenue, Tuscon [sic], Arizona, 85712" (id. ¶ 1); and Defendant "is a corporation authorized to conduct business and issue policies of insurance in the Commonwealth of Pennsylvania" (id. ¶ 2).

## II.   LEGAL STANDARD

Federal district courts have original jurisdiction over civil actions between "citizens of different States" in which "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1).  "Diversity is to be determined at the time the complaint is filed." Frett-Smith v. Vanterpool, 511 F.3d 396, 399 n.4 (3d Cir. 2008) (citing S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp., 181 F.3d 410, 414 n.2 (3d Cir. 1999)).

"'Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual. Facial attacks . . . contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true.'" Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009) (quoting Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006)).  If however, the defendant makes a factual challenge and "contests any of the jurisdictional allegations as pled by the plaintiff, the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction." McCann v. Newman Irrevocable Trust, 458 F.3d 281, 290 (3d Cir. 2006) (citing Gould Elecs. Inc. v. United States, 220 F.3d 169, 177 (3d Cir. 2000)).  In a factual challenge, the court determines jurisdiction by weighing the evidence presented by the parties, but "[i]f there is a dispute of a material fact, the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction" by a preponderance of the evidence. Id. (citing Gould Elecs., 220 F.3d at 177)).  "The plaintiff has the burden of persuasion to convince

2

the court it has jurisdiction" by a preponderance of the evidence. Gould Elecs., 220 F.3d at 178 (citation omitted); see also McCann, 458 F.3d at 290.

**III.   DISCUSSION**

Defendant has brought a factual challenge to our subject matter jurisdiction. It argues that we should dismiss this case for lack of diversity jurisdiction because Plaintiff is not a citizen of Arizona and is instead, like Defendant, a citizen of Pennsylvania. Specifically, Defendant argues that Plaintiff, who resided in Quakertown, Pennsylvania with her parents at the time of the car accident, has not really changed her domicile to Arizona, as alleged in the Amended Complaint, and is instead only temporarily residing in Arizona.

"Citizenship is synonymous with domicile, and 'the domicile of an individual is [her] true, fixed and permanent home and place of habitation. It is the place to which, whenever [s]he is absent, [s]he has the intention of returning.'" McCann, 458 F.3d at 286 (quoting Vlandis v. Kline, 412 U.S. 441, 454 (1973)). "One acquires a 'domicile of origin' at birth, and that domicile continues until a new one (a 'domicile of choice') is acquired." Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) (quoting In re Estate of Jones, 182 N.W. 227, 228 (Iowa 1921); and citing In re Estate of Moore, 415 P.2d 653, 656 (Wash. 1966)). "An individual can change domicile instantly. To do so, two things are required: '[she] must take up residence at the new domicile, and [s]he must intend to remain there.'" McCann, 458 F.3d at 286 (quoting Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972)). However, "'[a] domicile once acquired is presumed to continue until it is shown to have been changed.'" Id. (alteration in original) (quoting Mitchell v. United States, 88 U.S. 350, 353 (1874); and citing Korn v. Korn, 398 F.2d 689, 691 n.4 (3d Cir. 1968)). There is thus "a presumption favoring an established domicile over a new one." Id. at 286-87 (citations omitted). In a case in which the party with a

3

claimed new domicile is the proponent of federal jurisdiction, the burden of production regarding domicile and the burden of persuasion regarding federal jurisdiction both fall on that party.  Id. at 288-89.  First, the party must "rebut the presumption in favor of an established domicile."  Id. at 289.  If the party does so, the party is then "required to carry the burden of persuasion by proving that a change of domicile occurred, creating diversity of citizenship."  Id.  The party must prove a change in domicile by a preponderance of the evidence.  Id.

"[A] court's inquiry into where a party is domiciled involves a predominantly factual determination . . . ."  Washington v. Hovensa LLC, 652 F.3d 340, 342 (3d Cir. 2011) (citations omitted).  "In determining an individual's domicile, a court considers several factors, including 'declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business.'"  McCann, 458 F.3d at 286 (quoting Krasnov, 465 F.2d at 1301).  "Other factors to be considered may include location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration."  Id. (citing 13B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 3612 (3d ed. 2005)).

Plaintiff does not dispute that she was a citizen of Pennsylvania when the car accident occurred on November 2, 2013, but she maintains that she had become a citizen of Arizona by the time she commenced the instant action on July 17, 2014.  We therefore begin with the presumption that Plaintiff was still a citizen of Pennsylvania when she initiated this action.  See id. at 286-87.  Accordingly, Plaintiff has two burdens with respect to Defendant's Motion:  (1) to produce evidence to substantiate her change of domicile from Pennsylvania to Arizona as of the date the action was commenced; and (2) to prove by a preponderance of the evidence that she was domiciled in Arizona as of that date.  See id. at 289.

Plaintiff's Affidavit constitutes the only evidence of Plaintiff's Arizona domicile at the time she initiated this action.  Plaintiff states in her Affidavit that she became dependent on narcotic pain medication that she was prescribed as a result of the car accident, and that on April 24, 2014, she "voluntarily left the Commonwealth of Pennsylvania in order to participate in a rehabilitation treatment program located in Tuscon [sic], Arizona."  (Baum Aff. ¶¶ 3-5.)  She further states that "[a]t the time she left Pennsylvania [she] made a decision that [she] was not going to return to Pennsylvania so that [she] could remove [her]self from any situations which could result in a relapse."  (Id. ¶ 6.)  Plaintiff avers in the Affidavit that she was domiciled in Arizona when she filed her initial Complaint in this action on July 17, 2014, and that, at that time, she "did not consider Pennsylvania to be [her] domicile."  (Id. ¶¶ 7, 11.)  Rather, "it was [her] intention at all times to be domiciled in Arizona."  (Id. ¶ 11.)  Since moving to Arizona in April, Plaintiff has completed her rehabilitation program, and she currently attends Pima Community College in Arizona.  (Id. ¶ 8.)

While Plaintiff's Affidavit satisfies her burden of producing evidence to rebut the presumption that she was domiciled in Pennsylvania when she commenced this action, she retains the burden of proving by a preponderance of the evidence that she changed her domicile to Arizona on or before July 17, 2014.  See McCann, 458 F.3d at 289.  The United States Court of Appeals for the Third Circuit has explained that:

> "[o]ne's testimony as to [her] intention to establish a domicile, while entitled to full and fair consideration, is subject to the infirmity of any self-serving declaration, and it cannot prevail to establish domicile when it is contradicted or negatived by an inconsistent course of conduct; otherwise stated, actions speak louder than words."

Frett-Smith, 511 F.3d at 401 (quoting Korn, 398 F.2d at 691).  Apart from her statement in her Affidavit that she intended to remain in Arizona (Baum Aff. ¶ 11), Plaintiff has presented no

5

objective evidence that Arizona was her "true, fixed and permanent home" at the time she commenced this action. McCann, 458 F.3d at 286.  For example, she has presented no evidence that she purchased a home in Arizona, has family or friends there, opened an Arizona bank account, or registered to vote there.[1]  See id.  Instead, she has merely produced evidence that she attended a short-term rehabilitation program in Arizona and is now attending college there. (Baum Aff. ¶¶ 5, 8.)  These facts may establish residence in Arizona, but they are insufficient to establish domicile.  See United Nimba Citizens Council v. Gayetay, Civ. A. No. 07-3389, 2007 WL 2892004, at *1 n.2 (E.D. Pa. Oct. 2, 2007) ("Domicile is not necessarily the same as residence, because a person can reside in one place, but be domiciled in another." (citing Mississippi Band of Choctaw Indians, 490 U.S. at 48)); see also Jones v. Lummi Tribal Court, Civ. A. No. 12-1915, 2012 WL 6149666, at *9 n.15 (W.D. Wash. Dec. 10, 2012) ("[T]he fact that one . . . temporarily resides at a rehabilitation facility does not necessar[ily] result in a change of domicile." (citations omitted)); Doe v. Schwerzler, Civ. A. No. 06-3529, 2007 WL 1892403, at *3 (D.N.J. June 28, 2007) (finding that New Jersey plaintiff had failed to prove that she became a citizen of Kentucky when she merely went to college there).  We therefore conclude that Plaintiff's Affidavit is "'contradicted or negatived'" by the lack of any objective evidence indicating that Plaintiff intended to remain in Arizona when she commenced this action.  See Frett-Smith, 511 F.3d at 401 (quoting Korn, 398 F.2d at 691).

Because Plaintiff's averments in her Affidavit are not "buttressed . . . by her course of conduct at the time she filed her [initial] complaint," see Washington, 652 F.3d at 347, we

---

[1] Plaintiff states in her Affidavit that she recently applied for her Arizona driver's license (Baum Aff. ¶ 10), but her counsel conceded at the February 26, 2015 hearing that Plaintiff had not applied for the driver's license by July 17, 2014, when she commenced this action.  We therefore conclude that the driver's license application does not establish her intent as of July 17, 2014, the operative date here.

discount the self-serving statement of intent in her Affidavit, and conclude that Plaintiff has failed to prove by a preponderance of the evidence that she had changed her domicile from Pennsylvania to Arizona by the time she commenced this action. See Frett-Smith, 511 F.3d at 401-02 (affirming district court's determination that plaintiff had not changed her domicile to Florida by the time she commenced her action -- even though she had presented a number of affidavits stating that, when the complaint was filed, she intended to remain in Florida -- when there was no objective evidence supporting her averments); Choupak v. Rivkin, Civ. A. No. 11-1281, 2012 WL 2365903, at *9, *11 (D. Del. June 21, 2012) (concluding that affidavit indicating party's intent to remain domiciled in Washington was insufficient to establish Washington domicile because record was devoid of "[o]bjective evidence of intent to remain . . . , including establishment of a home, place of employment, location of assets, registration of a car, and generally centering one's business, domestic, social, and civic life in a jurisdiction" (citing Juvelis v. Snider, 68 F.3d 648, 654 (3d Cir. 1995)). We further conclude, accordingly, that Plaintiff has not sustained her burden of establishing diversity jurisdiction by a preponderance of the evidence.

**IV.  CONCLUSION**

For the foregoing reasons, we grant Defendant's Motion to Dismiss the Amended Complaint.

BY THE COURT:

/s/ John R. Padova
John R. Padova, J.